IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 22-CR-30067-SPM |
| **DEVONTE FRANKLIN,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Devonte Franklin's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and the United States Sentencing Guidelines Manual § 1B1.10 [hereinafter Sentencing Guidelines], making Amendment 821 retroactive (Doc. 69).

On February 7, 2024, Assistant Federal Public Defender Ankoor Shah was appointed to represent Defendant Powe pursuant to Administrative Order 362. (*See* Doc. 71). On February 27, 2024, Attorney Shah filed a Motion to Withdraw as Attorney because there were "no meritorious issues supporting a further motion on this issue." (Doc. 72, p. 1). Attorney Shah indicates that Defendant Franklin received a two-point status enhancement in accordance with the previous revision of § 4A1.1 of the Sentencing Guidelines, which resulted in a total of eleven criminal history points, placing Franklin in criminal history category V. (*See id.*). Under the amended Sentencing Guidelines, Defendant Franklin would still receive a one-point status enhancement for a total of ten criminal history points, which still places him within

criminal history category V. (*See id.*). Thus, Mr. Franklin's guidelines range would not change, meaning he is not entitled to relief pursuant to Amendment 821. (*See id.*).

Accordingly, Defendant Franklin's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 69) is **DENIED**. Attorney Shah's Motion to Withdraw as Attorney (Doc. 72) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  April 1, 2024**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**